HOUSTON & T. C. R. CO. v. ORIENTAL OIL CO. (No. 1838.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 1, 1917.)

CARRIERS �köm121—TANK CARS—LOSS OF OIL—LIABILITY.

Where a tank car was unloaded by removing a tap on a pipe in the bottom and connecting a pipe, and then opening a valve from the top of the tank, the railroad is not liable for loss of oil by reason of the valve being open when the tap was removed at destination; the tank being filled by plaintiff before starting.

Appeal from Robertson County Court; J. L. Goodman, Judge.

Suit by the Oriental Oil Company against the Houston & Texas Central Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered.

Having loaded it with oil at Sherman, appellee had appellant haul a tank car over its line of railway to Calvert, where appellee unloaded the car by means of a pipe extending from the inside of the tank through the bottom thereof. The pipe was equipped with a tap at its lower end and with a valve at its upper end. When the tap was removed, preparatory to connecting the pipe with the receptacle into which the oil was to be unloaded, the flow of oil from the tank could be controlled by means of the valve, which was operated from the top of the tank. The oil would flow if the valve was open, but would not if it was closed. Because it was open, when it should have been closed, oil flowed from the tank and was wasted on the ground, after appellee removed the tap, before it could either make the connection necessary to carry it to the receptacle it had provided for it or close the valve. Alleging that the loss of the oil wasted as stated was due to negligence on the part of appellant, in that the appliances for unloading the car were defective, appellee sued and recovered the judgment for $251.71 against appellant from which the appeal is prosecuted.

A. P. McCormick, of Waco, Perry & Woods, of Franklin, and Baker, Botts, Parker & Garwood, of Houston, for appellant. H. S. Morehead, of Franklin, for appellee.

WILLSON, C. J. (after stating the facts as above). The theory on which appellee sought and recovered the judgment was that appellant, being bound to use care to furnish a tank car equipped with appliances for unloading it at Calvert without loss of any of the oil, violated its duty by negligently furnishing a car with the appliances for the purpose stated so defective as to cause the loss complained of when it (appellee) attempted to unload the car. But appellee, as appears from the record sent to this court, utterly failed to prove any such violation of duty on the part of appellant. The car was equipped with appliances which, if in good repair and properly used, would have prevented waste of the oil in unloading the car. There was no evidence whatever that any of the appliances were defective in any way at the time the car was delivered to appellee in Sherman. Indeed, it appeared with reasonable certainty, if not conclusively, that the appliances were not in any way defective either then nor when the car was unloaded at Calvert, and that the oil lost to appellee in its

―――――――――――――――――――――――――――――――――――

ⓒ═⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

attempt to unload the car was lost because of the failure of appellee to close the valve before loading the car at Sherman and its failure to discover that the valve was open at Calvert and close it before it removed the tap from the pipe through which the oil escaped. On the case as made by appellee's pleadings and the testimony it was not entitled to recover anything of appellant, and the court below should have told the jury so. Railway Co. v. Wittnebert, 101 Tex. 368, 108 S. W. 150, 14 L. R. A. (N. S.) 1227, 130 Am. St. Rep. 858, 16 Ann. Cas. 1153.

The judgment will be reversed, and judgment will be here rendered that appellee take nothing by its suit against appellant.